UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CALECHUS WILLIAMS                                                                                      PLAINTIFF

V.                                                                    CIVIL ACTION NO: 3:11-CV-613-DPJ-FKB

VANDERBILT MORTGAGE & FINANCE, INC.,
FIRST AMERICAN TITLE COMPANY, INC.,
AND JOHN DOES 1 THROUGH 5
                                                                                                     DEFENDANTS

ORDER

This diversity action is before the Court on the motions of defendants First American Title Company, Inc. [2] and Vanderbilt Mortgage and Finance, Inc. [4] to dismiss all claims filed against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Calechus Williams opposes the motions [7].

In general, Williams claims that Defendant First American Title Company, Inc., negligently conducted a title search which led Vanderbilt Mortgage and Finance, Inc., to secure a loan to Williams's parents with property Williams partially owned. Defendants deny a duty to Williams and also assert a statute-of-limitations defense. Having fully considered the parties' submissions and the relevant authority, the Court finds that the motions of First American and Vanderbilt should be denied.

I.      Facts and Procedural History[1]

On October 15, 1992, Plaintiff Williams's parents, Robert and Myra Morris, conveyed a 46-acre tract of land in Holmes County to Jessie Morris. On April 24, 1995, Jessie Morris

---

[1] The facts herein are based on Williams's Complaint [1-1] as well as First American's recitation of the facts in its Memorandum [3], with which Williams agrees save for the last paragraph. *See* Pl.'s Mem. [8] at 1.

allegedly conveyed 6 of those acres to Williams by deed, and replaced that deed with a second on January 2, 2003, which was recorded in the Holmes County Chancery Clerk's Office. Then, on April 1, 2003, Jessie conveyed the 46-acre plot back to Robert Morris, which deed was recorded in the land records of Holmes County on April 7, 2003. This deed failed to except from the conveyance the 6-acre tract previously conveyed from Jessie to Williams.

On November 29, 2006, Robert and Myra Morris obtained a loan from Defendant Vanderbilt secured by a 5-acre tract of land which, Williams alleges, included part of the land Jessie deeded to her in 2003. An alleged agent of Defendant First American performed the title search and conducted the loan closing. The Deed of Trust for the transaction was recorded in the land records of Holmes County on December 1, 2006. Thus, according to Williams the Deed of Trust between the Morrises and Vanderbilt was mistakenly secured, in part, by Williams's property.

On November 8, 2007, Williams executed a Deed of Trust in favor of First Tower Loan, Inc., which was secured by the 6-acre tract she purchased from Jessie. On September 19, 2008, Williams sought to refinance this loan and was informed by Freedom Mobile Homes that they would not execute a deed of trust because Vanderbilt already had a mortgage on the property. According to Williams, she contacted Vanderbilt to have the encumbrance removed, but without success. Williams defaulted on her loan and her property was foreclosed in September 2008.

Williams brought this suit in the Circuit Court of Hinds County, Mississippi, against Vanderbilt and First American, alleging their negligence and gross negligence prevented her from obtaining refinancing and caused her to default on her November 8, 2007 Deed of Trust. Specifically, Williams alleges Defendants failed to "properly investigate and conduct a proper

2

and/or exhaustive title search" and "failed to properly identify property belonging to Plaintiff," and then "failed to remove the encumbrance from Plaintiff's land once they realized said encumbrance was negligently placed on Plaintiff's land." Compl. [1-1] ¶ 12. First American removed the action to this Court, with Vanderbilt's consent, and now First American and Vanderbilt move to dismiss Williams's claims against them. First American and Williams have submitted their legal memoranda, but Vanderbilt elected to "piggy back" on First American's submissions and filed no briefs of its own. The Court has personal and subject matter jurisdiction and is prepared to rule.

II.     Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at

1950 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

The Supreme Court's examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint.  First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal*, 129 S. Ct. at 1950.  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.

Finally, dismissal under Rule 12(b)(6) may be proper "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.*"  Jones v. Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir. 2003) (cited in *Jaso v. Coca Cola Co.*, 435 F. App'x 346, 351–52 (5th Cir. 2011) (also citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 714–21 (3d ed. 2004) ("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.")).

III. Analysis

First American and Vanderbilt move to dismiss Williams's claims against them arguing the claims are untimely and, even if they were timely, the Defendants owed no duty to Williams and thus cannot be liable in negligence to her.  Having read the briefs and conducted considerable research, it appears that the issues are more complex than what the parties have

presented. Though the Court could rule based on its own analysis and research, it is reluctant to do so without more in depth input from the parties with respect to the following issues.

   A.   Statute of Limitations

The parties agree that Williams's claims for negligence and gross negligence against First American and Vanderbilt are governed by a three-year statute of limitations. *See* Miss. Code Ann. § 15-1-49. But they dispute when those claims accrued and have argued two different tolling rules under Mississippi law.

According to Defendants, the limitations period does not toll because the disputed deeds were all public record. Def.'s Mem. [3] at 5–6. To support that argument, Defendants cite *McWilliams v. McWilliams*, a case dealing with fraudulent concealment. 970 So. 2d 200, 203 (Miss. Ct. App. 2007). Though McWilliams is non-binding, it correctly states the law. *See O'Neal Steel, Inc. v. Millette*, 797 So. 2d 869, 875 (Miss. 2001) (observing that "[t]he rule of concealed fraud is an exception to the applicable statute of limitations" but it "cannot apply to matters of public record.") (citations omitted).

Had Williams relied on a fraudulent concealment argument, Defendants would have prevailed, but she did not. Instead, she states in her Complaint that she first discovered Defendants' negligence in 2008. Pl.'s Compl. [1-1] ¶9. She then asserts in her response that the three-year limitations period should be tolled by the discovery rule that applies to "laymen with regard to when it is unrealistic for them to perceive the injury." Pl.'s Mem. [8] at 2. Thus, Williams is asserting a latent injury which is a different tolling rule than fraudulent concealment. *See Peavey Elecs. Corp. v. Baan USA, Inc.*, 10 So. 3d 945, 950–53 (Miss. Ct. App. 2009) (describing the two tolling rules).

The Mississippi Supreme Court has "defined a latent injury as one where the plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question . . . *or* when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act." *Sutherland v. Estate of Ritter*, 959 So. 2d 1004, 1008 (Miss. 2007) (emphasis added) (citations and punctuation omitted). Here, Williams claims that there was nothing to place her on notice of any need to check the land records and that it is unrealistic to expect a layperson to undertake that process for no apparent reason. *See First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce*, 220 F.3d 331, 337 (5th Cir. 2000) (applying Mississippi law and noting that "statute of limitations begins to run once plaintiffs are on inquiry that a potential claim exists."). She further claims that these are questions of fact.

It may be that under Mississippi law Williams was on constructive notice, which could distinguish cases like *Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Texas* where the Fifth Circuit found no duty to check land records for subsequent conveyances. 20 F.3d 1362, 1370 (5th Cir. 1994). But at this stage, Defendants have not explored that argument. And though they factually distinguished the case Williams cited regarding tolling, they have not addressed the larger argument that this claim is subject to the discovery rule rather than fraudulent concealment. Finally, Defendants have not provided authority suggesting that fraudulent concealment is the sole way to toll under these circumstances.

To be clear, the Court is not yet convinced Williams will ultimately prevail and is not ruling on the substance of her arguments. But it would be improvident for the Court to proceed absent analysis from Defendants addressing the precise tolling provision upon which she relies.

Accordingly, the statute-of-limitations defense is denied without prejudice to Defendant's right to reassert the argument in a properly supported motion for summary judgment.

      B.      Negligence

Like the statute-of-limitations issue, the Court seeks additional information regarding the negligence claim. First American's initial memorandum argued that it owed no duty to Williams, but failed to offer any legal analysis or relevant authority. It did, however, cite *Century 21 Deep South Properties, Ltd. v. Corson*, for the general proposition that "the elements of a negligence action are 'duty, breach, proximate cause, and damages.'" 612 So. 2d 359, 368 (Miss. 1992) (cited in Def.'s Mem. [3] at 3). Plaintiff picked up on *Corson* in response, arguing that it establishes a duty to reasonably foreseeable parties who may be injured by an attorney's faulty title search. Pl.'s Mem. [8] at 5. So a closer look at *Corson* is in order.

In *Corson*, a property owner sued an attorney who negligently performed title work for an earlier sale of the home Corson later purchased. When Corson purchased his home, only an updated title search was performed, so the attorney's previous mistakes were carried forward and several liens were not disclosed before Corson closed on the property. Corson obviously lacked privity with the first attorney, and the Mississippi Supreme Court wrestled with apparent conflict between its requirement of an attorney-client relationship in malpractice cases and section 11-7-20 of the Mississippi Code which abolished the necessity of privity in "all causes of action for . . . economic loss brought on account of negligence . . . ." The court concluded that "the presence or absence of an attorney-client relationship is merely one factor to consider in determining the duty owed rather than being the single factor which establishes that a duty is owed." *Corson*, 612 So. 2d at 373. It then held that "[a]n attorney performing title work will be liable to

reasonably foreseeable persons who, for a proper business purpose, detrimentally rely on the attorney's title work, suffering loss proximately caused by his negligence." *Corson*, 612 So. 2d at 374.  In other words, the attorney owed Corson a duty.

This Court questions whether the reference to detrimental reliance was merely a comment on the facts of *Corson*—*i.e.*, Corson's foreseeable reliance was enough to establish duty—or was intended to establish an essential element in all title search contexts.  If that is so, then properties owners like Williams would have no recourse when they suffer damages caused by a negligent title search that results in an encumbrance on their property.  Such a result would seem inconsistent with Mississippi Code section 11-7-20.  That may ultimately prove to be the law, but at this stage the Court needs more analysis.  Thus, the motion is denied without prejudice.

III.    Conclusion

The Court acknowledges and regrets that it is essentially punting the issues back to the parties.  On the other hand, any order deciding these issues would be based on arguments and authorities that the parties have not yet fully addressed.  The Court therefore concludes that the motions should be denied without prejudice to the Defendants' rights to reassert the legal arguments in a well-supported motion for summary judgment.

**SO ORDERED AND ADJUDGED** this the 19th day of June, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE